# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10303
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL STEVEN SMITH,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-347-1

---

Before JOLLY, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Michael Steven Smith appeals his conviction and 120-month sentence for stealing firearms from a licensed firearms dealer in violation of 18 U.S.C. § 922(u) and 18 U.S.C. § 924(i)(1). First, he challenges the district court's finding, in support of a sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(A), that he possessed or transferred a firearm with reason to

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

believe it would be transported out of the United States.  We review the factual finding for clear error.  *See United States v. Juarez*, 626 F.3d 246, 255 (5th Cir. 2010).

According to Smith, the only evidence supporting the enhancement was his statement to investigators that approximately 20 of the 27 stolen firearms were "in Mexico, for sure."  He argues that the comment—which he deems offhand, hyperbolic, conclusory, and speculative—was insufficient to support the significant guidelines enhancement.  He further argues that the statement was unreliable because of his mental and physical state during the interview.  Smith also asserts that evidence that he sold stolen firearms to a drug dealer who was trafficking kilogram quantities of narcotics and to a Hispanic man he suspected was involved with a drug cartel did not support the finding.

Smith's effort to downplay the significance of his own statement is unavailing because he explained to investigators the reasons why he believed the guns would be transported to Mexico.  The district court was entitled to draw the same common-sense inference from the facts that Smith did—that there was reason to believe the firearms would be transferred out of the United States.  *See id.* at 255-56.  The district court's finding was plausible in light of the record as a whole and was not clearly erroneous.  *See id.*

In addition, Smith asserts that Congress exceeded its authority under the Commerce Clause by criminalizing the theft of firearms that have previously travelled in interstate commerce.  However, he correctly concedes that the argument is unavailing.  *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

AFFIRMED.